### COLLIER, admr. etc. v. HUNTER & OAKES.

SUITS—*Consolidation of.*—An order of court is necessary before several suits pending, as provided in *Sec.* 132, *Chap.* 133 *of Gould's Digest,* can be regarded or treated as consolidated.

BANKRUPTCY—*Plea of, good defense.*—A person cannot be or remain a party to a suit after his bankruptcy, and the plea, when properly pleaded, is a good defense.

PRACTICE—*Trials de novo.*—All cases, on appeal from inferior courts to the Circuit Courts, must be heard *de novo.*

APPEAL FROM RANDOLPH CIRCUIT COURT.

HON. ELISHA BAXTER, *Circuit Judge.*

*English, Gantt & English,* for appellant.

*First,* The Circuit Court erred in affirming the judgment of the Probate Court without a trial *de novo*—*Collier, ad. vs. Kilcrease, MS. opinion, present term.*

*Second,* The cases were treated as consolidated without an order of court for that purpose.

*Third,* The court erred in sustaining the demurrer to appellants plea of *bankruptcy. Brightley's Bankrupt Law, p.* 48.

*Fourth,* The auditor's reports, upon the accounts, were confirmed, though no notice was given appellant of the time and place of auditing them, nor did the auditor report the evidence to the court on which he acted as required by the statute. *Dig. Ch.* 4, *Sec.* 133, *p.* 127 ; *Dig. Ch.* 28, *Sec.* 74, *p.* 227.

SEARLE, J.—This cause originated in the Probate Court of Randolph county. It appears, from the transcript, that the appellant, Collier, who was the administrator of the estates of Michael S. Wilson and Jonathan Wilson, deceased, filed, in said court, his account current for settlement in each case. Hunter and Oakes, appellees, herein, being creditors of said estates, filed objections to the accounts. The Probate Court referred the accounts to an auditor, who made his reports thereon, and the reports were objected to, on the part of the

appellant. After separate trials of the issues of the two cases, thus made up, the court confirmed the reports. The appellant asked for new trials, which were disallowed; whereupon he appealed to the Circuit Court. The transcripts of the two cases were certified together up to the Circuit Court, and that court regarded and disposed of them as being, or having been, consolidated. Here, also, the appellant pleaded the bankruptcy of Oakes, one of the appellees, to which the appellees demurred, and the court sustained the demurrer. The court then, upon examination of the transcript, found no error and affirmed the judgment; whereupon, the appellant appealed to this court.

From the above statement, three questions are presented for our consideration:

*First.* Was it error, in the court below, in regarding the two cases, as instituted and tried in the Probate Court, as consolidated, and thus disposing of them?

*Section 132, Ch. 133, Gould's Digest,* provides that "whenever several suits shall be pending in the same court, by the same plaintiff against the same defendant, for causes of action which may be joined, or when several suits are pending in the same court by the same plaintiff against several defendants, which may be joined, the court, in which the same may be prosecuted, may, in its discretion, order such suits to be consolidated into one action." The cases, under consideration, were doubtless regarded and treated as consolidated under this section. And yet, it appears that neither the Probate nor the Circuit Court made any order for their consolidation. It seems that the Circuit Court treated the two cases as consolidated, simply, because they were certified together from the Probate Court. This, to say the least of it, was very informal.

But we may say, further, that these actions were not such as could be consolidated under the above cited section. The defendants are different in the two cases. The grounds of action and the defenses are also different. The trials, there-

fore, and the judgments must be separate and distinct. From the consolidation so much confusion has already resulted and necessarily will result, that these adjudications, in their present shape, would be a matter of impossibility.

*Second.* Did the court below err in sustaining appellees' demurrer to appellant's plea of bankruptcy as to Oakes?

A transcript of the plea is not before us; and the only evidence, we have, that such a plea was interposed, is an entry to that effect. We cannot, therefore, determine whether or not the court erred in sustaining the demurrer. We may, however, remark that if the plea properly set up the bankruptcy of Oakes, the court should have overruled the demurrer. For, in relation to one adjudged a bankrupt, it is declared in section fourteen of the bankrupt law of the United States, that "all debts due him, or any person for his use, and all liens and securities therefor * * * * shall, in virtue of the adjudication of bankruptcy and the appointment of his assignee, be at once vested in such assignee." From this section it most clearly appears that one cannot be or remain a party to a suit after his bankruptcy. Oakes sued in the character of a creditor of the estates of which the appellant was the administrator. If his bankruptcy was properly alleged, under the bankrupt act, the demurrer was not well taken and should have been overruled.

*Third.* Did the court below err in affirming the judgment of the Probate Court, on the appeal, without a trial *de novo?*

The opinion in the case of *Smith & Brother vs. Van Gilder*, 26 *Ark.*, 527, and affirmed, at the present term of this court, in the case of *Slark, Stauffer & Co. vs. Van Gilder,* is conclusive of this question. It is there decided, that all cases, on appeal from inferior courts to the Circuit Courts, must be heard *de novo.* The court below should have tried this cause *de novo.* Having failed to do so, the judgment must be reversed and the cause sent back to that court to be proceeded with according to law and not inconsistent with this opinion.